# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2011

No. 10-60311

Lyle W. Cayce
Clerk

ELIZABETH HILL,

Plaintiff-Appellant,

versus

STATE FARM FIRE & CASUALTY COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:08-CV-323

Before SMITH, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Elizabeth Hill sued in diversity for bad-faith denial of her workers' compensation claim. The district court granted summary judgment for State Farm

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60311

Fire & Casualty Company ("State Farm") after considerable discovery. The court explained its ruling in a lengthy and comprehensive statement dictated into the record after a hearing.

The bare, undisputed facts are that Hill was the salaried office manager for a law firm and had the job responsibility of taking the firm's backup computer disk home each workday for safekeeping. She also regularly did some work at home for the firm. Leaving work after a full day on the job, Hill was severely injured in an auto accident. A representative of the firm arrived on the scene and extracted the backup tape from the wreckage.

State Farm denied Hill's workers' compensation claim as outside the course and scope of employment but paid the claim after it was administratively upheld. In this bad-faith suit, the district court properly invoked the "going and coming" rule, also called the dual-purpose doctrine, which the district court explained basically as follows (relying on *Durr's Dependents v. Schlumberger Oil Well Surveying Corp.*, 86 So. 2d 507, 509 (Miss. 1956) (citing 1 LARSON'S WORKMEN'S COMPENSATION LAW § 18.12, at 241)): If the work assignment made the travel necessary, the worker is in the scope of employment, but if the trip would have occurred anyway, the travel is personal and not in the scope of employment. The district court concluded that "[t]he fact that Hill finished her normal workday and was heading home provides an arguable basis for the application of the dual purpose test." So, there was no bad faith in denying the claim.

We have reviewed the briefs, pertinent portions of the record, and the applicable law and have heard the arguments of counsel. Because there is no error, the summary judgment is AFFIRMED, essentially for the reasons given by the district court.